JENKINS *vs.* CHARLES BISBEE and LOIS APPELL.

In a bill alleging parties to be husband and wife, proof of a formal solemnization or contract of marriage is not necessary. Cohabitation, acknowledgment by the parties, reception as man and wife, and, common repute, are sufficient to raise a presumption of marriage.

A person made party to a suit after testimony taken cannot be affected by such proof.

THE complainant was a judgment creditor of the defendant, Charles Bisbee ; and having issued a writ of *fieri facias*, which had been returned unsatisfied, he filed his bill in this court for a discovery of property to be applied to the satisfaction of the judgment.

The bill charged, among other things, that Bisbee was the real owner of two lots of ground in the city of New York with the buildings thereon, the title to which was in the name of Lois Appell, but had been purchased by Bisbee or with his funds ; that the buildings had been erected by him at his own expense, and the same were held by Lois Appell in trust for him or for his use, or upon some secret understanding between them for their joint use and benefit ; and that the property was thus held in her name, in order to protect it from judgments against Bisbee, and to defraud his creditors.

The answer of Bisbee denied these charges ; and showed, that the property actually belonged to Lois Appell ; that the lots were purchased and the buildings erected and paid for out of her money ; that he had no interest therein or in any other property whatever, except his wearing apparel of not more than forty dollars in value.

A replication was filed to this answer ; and after examining three witnesses, whose testimony disclosed facts tending to

48

1832.

JENKINS
v.
BISBEE AND
APPELL.

show Lois Appell to be the wife of the defendant Bisbee, the complainant filed a supplemental bill, charging that for fifteen years past they had lived and cohabited as man and wife and were so generally known and reputed, and had represented and held themselves out to the world as such. The supplemental bill further stated, that the lots of ground, buildings, fixtures, and stock in trade of a grocery store kept therein, were, in truth, the property of Bisbee, although they might be claimed by his wife under the name of Lois Appell as her individual property.

By the supplemental bill Lois Appell was made a co-defendant with Bisbee. In their joint answer they fully denied the allegations and charges it contained. Issue was taken upon this answer; the complainant proceeded to examine other witnesses; and the cause was now submitted upon pleadings, proofs and written arguments.

Mr. *B. W. Bonney*, for the complainant.

Mr. *P. A. Cowdrey*, for the defendants.

*September* 17. THE VICE-CHANCELLOR. The leading question which I am called upon to consider, is one of fact: whether the defendants are husband and wife? for if this relation is established, the consequence flowing from it, as respects the property held in her name, will confer upon the complainant a right to some relief in this court.

It is not necessary, in cases like the present, to adduce proof of the formal solemnization of a marriage, or of a contract of marriage, made *per verba de presenti*, which would constitute a valid marriage. Cohabitation, acknowledgment of a marriage by the parties themselves, reception of them as man and wife by their relations and friends, as well as common repute, are sufficient to make out the relation. Any of them will raise the presumption of a marriage: *Matthews on Evid.* 283; *Fenton* v. *Reed*, 4 *John. R.* 52; *Jackson* v. *Claw*, 18 *J. R.* 346.

The evidence is insufficient, upon any of these grounds, to make out the marriage against the positive denials of the an-

swer. The three witnesses first examined only go to Bisbee's admissions and declarations of his being a married man, and of the co-defendant's being Mrs. Bisbee. It is objected that this ought not to bear against her; and I concur in this: as she was not then a party to the suit. After she was made a defendant, there was only one witness, Hatfield, who testified to any thing like an admission by her of her being Bisbee's wife. He called her Mrs. Bisbee; and she did not deny it. All the other witnesses only speak of his acts and declarations. Two other witnesses fail to make out that sort of cohabitation which is required, or a general reputation or acceptance of them as man and wife amongst their relations.

Although I can make no decree for the complainant as the case now stands, I am not satisfied the justice of it is with the defendants. There seems to be some mystery unexplained as to the manner of their living together and the true ownership of the property. It has been suggested in argument that the debt was contracted in building the house; that the parties held themselves out as husband and wife and obtained credit on the faith of their being so; and that Bisbee had an interest or ownership in the property. It is unfortunate there is no allegation in the present bill as to this; but I think it is proper the complainant should have an opportunity to proceed upon that ground.

I shall, therefore, dismiss the bill without prejudice to a new suit. The defendant, Appell, must have her costs; but, under the circumstances and considering Bisbee's conduct, he must bear his own costs of the defence.