[No. 18252.　Department Two.—September 21, 1894.]

## H. D. LANGE, RESPONDENT, v. C. P. BRAYNARD ET AL., APPELLANTS.

JUDGMENT—GRANTEE NOT PARTY TO CREDITOR'S BILL.—A grantee of land, who acquires title thereto prior to the commencement of an action in the nature of a creditor's bill against his grantor and his predecessors in interest, is not affected by the judgment therein, unless he is made a party to the action.

ID.—PARTIES—BRINGING IN NEW PARTY—EVIDENCE PREVIOUSLY TAKEN —UNRECORDED DEED.—Such a grantee, if made a party during the progress of the trial of the action, is not bound by depositions taken or testimony given in the action prior to his being made a party. And this is so, although the deed under which he claims was not recorded at the time of the commencement of the action, and although he acted as attorney for the other defendants when such depositions were taken, and the testimony was given, and as such attorney cross-examined the witnesses for his clients.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Charles G. Nagle, P. B. Nagle, Nagle & Nagle,* and *W. Henry Jones,* for Appellants.

*A. W. McCoy,* and *H. P. Andrews,* for Respondent.

DE HAVEN, J.—This action was originally commenced by the plaintiff against the defendants, C. P. Braynard, William Nagle, and P. M. Cleghorn, for the purpose of subjecting the land described in the complaint to the payment of a judgment theretofore recovered by plaintiff against defendant Braynard, the complaint alleging that said land had been conveyed by said Braynard to the defendant William Nagle, and by said Nagle to the defendant Cleghorn, and that said conveyances were both made without consideration, and for the purpose of delaying and defrauding the plaintiff and other creditors of the defendant Braynard.   The defendants William Nagle and Cleghorn filed an answer denying the material allegations of the complaint, and thereafter, on May 4, 1891, and before the commencement of the trial of the action, the deposition of the defendant Braynard was taken by the plaintiff, the defendants Cleghorn and William Nagle being represented at the taking of such deposition by their attorney in the action, P. B. Nagle.   The action was commenced in April, 1891, and it appears that prior thereto the defendant Cleghorn conveyed the land in controversy to the said P. B. Nagle, but said deed was not recorded until August 17, 1891.   Upon the trial, which was commenced in December, 1891, after the said deposition of Braynard had been read in evidence, and the testimony of other witnesses given, and the plaintiff had rested his case, and some testimony had been offered in behalf of defendants, the court made an order directing that the said P. B. Nagle be made a party defendant, which was accordingly done.   It is shown by the bill of exceptions that upon the making of this order the said P. B. Nagle " then and there objected to being made a party defendant, and objected to said order unless he had the privilege of examining the witnesses introduced on behalf of

the plaintiff, and those already introduced upon behalf of the other defendants, and of cross-examining said witnesses and each and every one of them, and objected, and requested and moved the court that, so far as he was concerned, and against him, that the evidence of said plaintiff and his witnesses be not considered against him without his right to cross-examine the same, and moved the same be stricken out as to him; and on the further ground he objected to all the evidence and depositions heretofore introduced as against him, on the ground that the privilege of cross-examining and objecting to their evidence had not been accorded him, and as against him the same is and was irrelevant, immaterial, and incompetent." These objections and motions were denied, and in so doing the court stated: " That the same objection and rulings and exceptions on the part of the other defendants may be considered as taken by P. B. Nagle." The plaintiff recovered a judgment in accordance with the prayer of the complaint, from which, and the order denying their motion for a new trial, the defendants appeal.

The defendants contend that the evidence was insufficient to justify the findings, and complain of many of the rulings made during the course of the trial, but we only deem it necessary to notice the question presented by the ruling of the court in refusing to strike out the deposition of Braynard, and in refusing to allow the further cross-examination of the other witnesses whose testimony was given before the defendant, P. B. Nagle, was made a party to the action. This ruling was erroneous, and, as the evidence to which it related is material, the judgment and order appealed from must be reversed. Although the defendant, P. B. Nagle, derived his title to the land in controversy from the other defendants, yet, such title having been acquired prior to the commencement of the action, he would not have been affected by the judgment therein without being made a party thereto. (*Brady* v. *Burke,* 90 Cal. 6; *Campbell* v. *Hall,* 16 N. Y. 575.) " To make one a privy to an action he must be one who has acquired an interest

in the subject matter of the action either by inheritance, succession, or purchase from a party to the action subsequent to its institution. A privity antedating the action does not work an estoppel. Verdicts, judgments, depositions in a former cause, and the former testimony of deceased witnesses, are considered as resting on the same principle." (*Bryan* v. *Malloy*, 90 N. C. 508.) In the case of a party brought in by way of substitution, as, for instance, the executor of a deceased party, or a purchaser with notice of the pendency of an action, against his grantor, such substituted party takes the case as he finds it, and is bound by the prior proceedings to the same extent as was his predecessor, and this is so because such substituted party is in privity with his predecessor. Thus, the rule is stated in 2 Barbour's Chancery Practice, page 79: "It is also laid down that in cases of alienation *pendente lite,* the alienee is bound by the proceedings in the suit after alienation and before the alienee became a party to it. And depositions of a witness taken after the alienation and before the alienee became a party may be used by the other parties against the alienee as they might have been used against the party under whom he claims." But here the title of defendant P. B. Nagle was not acquired *pendente lite,* but before the commencement of the action, and when he became a party the action was as to him a new action (*Borst* v. *Boyd,* 3 Sand. Ch. 501), and he could not be compelled to accept depositions taken or testimony given in the case before he was made a party. In the case of *Jenkins* v. *Bisbee,* 1 Edw. Ch. 377, it was held that a person made a party to a suit after testimony taken cannot be affected by such proof; and to the same effect are the cases of *Hutchinson* v. *Reed,* Hoff. Ch. 316; and *Pratt* v. *Barker,* 1 Sim. 1. In *Wood* v. *Swift,* 81 N. Y. 31, the case had been referred to a referee, and witnesses examined, when the complaint was amended by adding new parties defendant; and upon such amendment being made the trial court entered an order to the effect that the case should "remain, continue, and be tried before the referee

. . . . as though all parties now to the record had thus been from the beginning of the action," "the added defendants, however, to have the privilege of cross-examining the witnesses theretofore examined." This order was reversed by the court of appeals, the court saying: "It is conceded by appellants' counsel that the court had the power, under section 452 of the code, to bring in the appellant and the other persons as parties defendant to the action, but even if it could do that, it could not compel them to accept the referee who had been appointed, and to accept the evidence which had been taken, even with the right of cross-examination which was secured to them. . . . . The appellant had the right to have the cause tried by the court without a jury, and he at least had the right to be heard as to the appointment of a referee, and he had the right to be present when the witnesses were sworn and examined." The principle thus declared is controlling here. A party can no more be compelled to accept a deposition taken in an action to which he was neither *party* nor privy, than to accept a referee under the circumstances appearing in the case just cited.

Nor is the case at all changed by the fact that the deed to Nagle was not recorded at the time of the commencement of the action, or when the deposition of Braynard was taken, nor by the further fact that Nagle was the attorney for the other defendants when such deposition was given and when the evidence of the other witnesses was admitted, and that as such attorney he cross-examined such witnesses for his clients. Conceding all these matters, the fact still remains that the deposition was taken in an action to which P. B. Nagle was not a party, and, therefore, was not admissible against him; and after he was made a party to the action the court ought to have have given him the opportunity to cross-examine the witnesses previously testifying at the trial, if he desired so to do.

Judgment and order reversed.

McFARLAND, J., and FITZGERALD, J., concurred.