IRA C. MUNGER, APPELLEE, V. JOHN O. YEISER ET AL., APPELLANTS.

FILED DECEMBER 5, 1907. No. 14,982.

1. Injunction: REPEATED TRESPASSES. The destruction of a fence, and threatened repetition thereof, by a trespasser, as often as the fence may be replaced, entitles the owner to relief by injunction against the invader, even though the latter may not be insolvent. *Pohlman v. Evangelical Lutheran Trinity Church*, 60 Neb. 364, followed.

2. ———: DEFENSES. In an action to enjoin a trespass, a defendant cannot defeat the plaintiff's action by showing an outstanding right in a third party to have one of the deeds in the plaintiff's chain of title declared a mortgage.

3. ———: PARTIES: SUBSTITUTION: EVIDENCE. Where, in an action brought to restrain a trespass upon real property, the same is sold during the action, and the vendee thereupon substituted as

plaintiff, such substitution does not modify the issues; and evidence taken before such transfer should be considered in the same manner as if there had been no change of parties. .

4. Appeal: Evidence. Where, after the introduction in evidence of an abstract of title under section 66, ch. 73, Comp. St. 1905, the original records referred to in such abstract are received and show the same facts, no error in the introduction of the abstract can be assigned.

Appeal from the district court for Douglas county: George A. Day, Judge. *Affirmed.*

*John O. Yeiser,* for appellants.

*Carl E. Herring, contra.*

Calkins, C.

The plaintiff claims to be the owner of lots 12 and 13, block 99, Dundee Place, Omaha, by authority of a sale to him made pursuant to a decree of the district court for Douglas county. After the conveyance to plaintiff by the sheriff's deed made in pursuance of such decree, and on the 20th day of April, 1903, the plaintiff conveyed the lots in question to one Chester W. Stem, who on the 14th day of May, 1904, reconveyed the same to the plaintiff. John Jeffries & Sons owned some adjoining lots, with which the lots in question had been inclosed, and, it appears, occupied by tenants of Jeffries' property; but Jeffries disclaimed any interest therein by reason of any adverse possession or otherwise. In September, 1903, defendants made an offer to Jeffries to purchase the property owned by the latter, Jeffries to give a warranty deed for the lots which he claimed to own, and a quitclaim deed to said lots 12 and 13, to convey the interest acquired by adverse possession. Just what response this offer elicited does not appear; but it is shown that, when Jeffries later conveyed his property to the defendants, nothing was said about any right in lots 12 and 13, and it nowhere appears that the defendants ever obtained any conveyance of any right in these lots from anyone claiming possession thereof.

When Stem acquired the title to lots 12 and 13, he removed the fence which had inclosed the same with the Jeffries property to the boundary line between the two tracts; and this fence the defendants demolished. It was replaced by Stem, and again razed by the defendants, who, it is charged, threatened to destroy it as often as it should be replaced. Stem brought this action to restrain the defendants from further trespass. When Stem conveyed to the plaintiff Munger, the latter was substituted as party plaintiff, and the case proceeded to trial. There was a finding and decree in favor of the plaintiff, from which the defendants appeal.

1. It is urged that an action at law afforded the plaintiff an adequate remedy, and that a suit for an injunction will not therefore lie. If a trespass to property is a single act and is temporary in its nature and effects, so that the legal remedy of an action at law for damages is adequate, equity will not interfere. The principle determining the jurisdiction embraces two classes of cases, and may be correctly formulated as follows: (1) If the trespass, although a single act, is or would be destructive, if the injury is or would be irreparable, that is, if the injury done or threatened is of such a nature that, when accomplished, the property cannot be restored to its original condition, or cannot be replaced, by means of compensation in money, then the wrong will be prevented or stopped by injunction. (2) "If the trespass is *continuous* in its nature, if repeated acts of wrong are done or threatened, although each of these acts, taken by itself, may not be destructive, and the legal remedy may therefore be adequate for each single act *if it stood alone,* then also the entire wrong will be prevented or stopped by injunction, on the ground of avoiding a repetition of similar actions. In both cases the ultimate criterion is the inadequacy of the legal remedy." 4 Pomeroy, Equity Jurisprudence (3d ed.), sec. 1357. This case clearly falls within the second class mentioned by Mr. Pomeroy. The rule has been applied by this court to facts precisely similar in the

case of *Pohlman v. Evangelical Lutheran Trinity Church,*
60 Neb. 364, where it is held: "The destruction of a fence,
and threatened repetition thereof by a trespasser as often
as the fence should be replaced, entitles the owner to relief
by injunction against the invader, even though the latter
may not be insolvent."

2. It is claimed by the appellant that the plaintiff failed
to establish title in himself. The plaintiff claims through
the foreclosure of a mortgage executed by Anna J. Fitch,
then owner of the premises, who afterwards conveyed to
one Patterson. Patterson was made a party defendant,
and was served with summons; but Mrs. Fitch does not
seem to have been summoned, and did not appear. Pat-
terson filed an answer, setting up that his deed was a
mortgage, and asking that it be foreclosed. It is well
settled that a mortgagor who has conveyed the fee is not
a necessary party to a suit to foreclose. It is also well
settled that, while a conveyance intended as a mortgage
may be enforced as such between the parties and those
having notice, even though no defeasance is contained
therein, as to subsequent purchasers and incumbrancers
without notice the instrument is to be taken for what it
purports to be. In this case it is not contended that the
plaintiff had any knowledge that the deed by Fitch to
Patterson was intended as a mortgage, nor any notice of
such claim, except that afforded by the filing of the an-
swer by Patterson in the foreclosure suit. Whether a
purchaser at a sale in pursuance of a decree in a fore-
closure suit takes his deed with notice of the facts alleged
in an answer and cross-petition filed in such suit by a de-
fendant who appears upon the record as the owner of the
fee it is not necessary to determine. The defendants show
no transfer to themselves of any right in or claim to the
premises from any of the persons whom they assert ad-
versely occupied the same. They are naked trespassers
without color of right. Against such the plaintiff's title
is good, even though there be an outstanding right to re-
deem by a third party.

3. It appears that, while this action was being prosecuted in the name of Stem, the deposition of Jeffries was taken. At the beginning of the trial the defendants moved to suppress this deposition, on the ground that the same was taken before Munger was substituted as plaintiff, and that it was not properly certified. This motion was overruled, and this action of the trial court is assigned as error. The defendants do not point out in what particular the certificate is lacking, and we discover no defect therein. In support of the other ground we are cited to *Lange v. Braynard,* 104 Cal. 156, and *Edgell v. Smith,* 50 W. Va. 349. The former holds that a person made a party to the action by order of the court is not bound by a deposition taken before such order; and the latter that a deposition proving matter not in the original bill when taken cannot be read to support substantive matter in an amended bill afterwards filed. Neither of these cases is in point. Section 45 of the code provides that, in case of a transfer in interest like that here shown, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. In this case the parties chose the latter course; but it did not in any manner change the issues, nor was the defendant at all affected thereby. It is precisely the same as if the assignee Munger had chosen to prosecute the action to judgment in the name of Stem. It follows that the court rightly overruled the defendants' motion to suppress.

4. The only remaining assignment of error is that the court erred in receiving abstract of title of the land in question. The objections to the admission of the abstract at the time it was offered were, first, that it did not show the title to the lots in controversy in the plaintiff; second, that it did not show sufficient of the foreclosure proceedings; and, third, that it was incompetent, irrelevant and immaterial. Section 66, ch. 73, Comp. St. 1905, provides, in substance, that an abstract certified to, and

22

issued by a bonded abstracter, shall be received in all courts as *prima facie* evidence of the existence of the record of all deeds, mortgages and other instruments, conveyances or liens affecting the real estate mentioned in such abstract; and that such record is as described in such abstract of title. It is not suggested in what particular the abstract does not conform to the statute; but it is said that such abstract would not establish the facts necessary to prove title in an ejectment suit, and consequently would not suffice in this case. It is enough to say that concerning the only question in dispute, viz., the character of the proceedings in the foreclosure suit, the original records were introduced, and the plaintiff's case does not therefore depend upon the abstract.

We therefore conclude that the judgment of the district court should be in all things affirmed, and we so recommend.

FAWCETT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.